IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**BARI MYRICKS**,

       **Movant,**

v.                                    **Case No. 2:20-cv-00631**
                                          **Criminal Case No. 2:19-cr-00225-1**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On September 24, 2020, Movant Bari Myricks ("Myricks") submitted a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. (ECF No. 46).[1] Pending before the Court are Myricks's § 2255 motion as well as Respondent's Response and request for dismissal. (ECF No. 53). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having determined from a thorough review of the record that Myricks clearly is not entitled to relief under 28 U.S.C. § 2255, the undersigned **FINDS** no basis for an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the presiding District

---

[1] The citations in this PF&R reference Movant's criminal case: *United States v. Myricks*, No. 2:19-cr-00225-1 (S.D.W. Va. Feb. 25, 2020).

1

Judge **GRANT** Respondent's request for dismissal, (ECF No. 53); **DENY** Myricks's § 2255 motion, (ECF No. 46); and **DISMISS** this case, removing it from the docket of the Court.

I. <u>**Factual and Procedural History**</u>

    A.   *Conviction and Sentence*

On October 30, 2019, Myricks was charged in a superseding indictment with two violations, possession with intent to distribute fentanyl and illegal possession of firearms. (ECF No. 20). Count Two, the firearm charge, alleged that Myricks possessed firearms while "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year" in violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2). (*Id.*). On November 25, 2019, Myricks pled guilty to both counts alleged pursuant to a plea agreement reached with the Government. (ECF Nos. 30, 31, 32). The plea agreement contained a stipulation of facts in which Myricks admitted in part that he "knew that [he] was prohibited from possessing firearms due to my prior felony convictions." (ECF No. 32 at 12). Myricks was sentenced on February 14, 2020, receiving a sentence of 96 months of imprisonment for each count to be served concurrently followed by a term of supervised release. (ECF No. 36). At the hearing, Myricks testified, *inter alia*, that counsel had advised him with respect to the charges against him and that he understood that the Government would be required to prove all the elements against him if he chose to pursue a trial, and nevertheless entered a guilty plea. (ECF No. 52 at 7, 9–11). Judgment was entered on February 25, 2020. (ECF No. 38).

    B.   *Motion under § 2255*

On September 24, 2020, Myricks filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 46). Therein, he asserts a single

ground for relief, claiming that his counsel was ineffective. (*Id.* at 4). Relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Myricks argues that counsel was ineffective because the Government "failed to properly allege and prove" the elements of the crime to which he pled guilty and his counsel "failed to advise" him of the elements. (*Id.*). As for relief, he asks that the Court vacate and set aside his conviction. (*Id.* at 13).

On November 25, 2020, Respondent filed a response requesting that the petition be dismissed. (ECF No. 53). Respondent notes that Myricks waived his right to collaterally attack his conviction as part of the plea agreement executed in his criminal case. (*Id.* at 3–7). Nevertheless, Respondent contends that even if Myricks had not waived his right to collaterally attack his conviction, his claim must be dismissed "because all of the elements of the felon in possession charge are properly alleged in Count 2" of the relevant criminal indictment. (*Id.* at 7). Respondent next argues that Myricks's claim fails because Myricks failed to demonstrate that his counsel was deficient according to federal constitutional standards. (*Id.* at 8–10).

On November 30, 2020, the undersigned issued an order providing Myricks with 60 days in which to file a reply upon receipt of Respondent's response. (ECF No. 54). On January 11, 2021, March 15, 2021, and July 19, 2021, Myricks sought extensions of the deadline to reply, each of which were granted. (ECF Nos. 55, 56, 57, 58, 60, 61). On September 13, 2021, a letter from Myricks was filed with the Court in which he inquired about the feasibility of withdrawing his motion because of his continuing difficulty accessing the law library. (ECF No. 63). In an order on September 15, 2021, the undersigned advised Myricks that he could withdraw his motion if he wished and noted the procedural standards at play that may affect his ability to refile, and allowing him until December 31, 2021 to reply to Respondent or withdraw the motion. (ECF No. 64). Myricks

filed no reply and no motion to withdraw his § 2255 petition.

## II.   Standard of Review

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## III.   Discussion

The sole ground for relief Myricks asserts in his § 2255 motion is ineffective assistance of counsel based on counsel's failure to advise him of the elements the

Government was required to prove to convict him of a § 922(g) violation. (ECF No. 46 at 4). He posits that the Government "failed to properly allege and prove these elements" pursuant to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*Id.*). Respondent maintains that Myricks waived his right to challenge the sufficiency of the indictment by the terms of his plea agreement, but regardless, all the required elements of a § 922(g) violation were properly alleged. (ECF No. 53 at 4–7). Furthermore, Respondent asserts that Myricks's counsel was not ineffective because Myricks provides no basis to support a finding that counsel was deficient. (*Id.* at 8–10).

Respondent is correct that the binding plea agreement Myricks entered in his criminal case provides an express waiver of the right to challenge his conviction in a direct appeal or collateral attack, such as a § 2255 motion, on any basis except ineffective assistance of counsel. (ECF No. 32 at 7–8). Myricks affirmed his understanding of this waiver at his plea hearing. (ECF No. 52 at 25–28). As Myricks explicitly challenges his conviction based on counsel's alleged failure to advise him of the elements the Government was required to prove in order to convict him of § 922(g), the undersigned does not construe Myricks's motion as an attempt to subvert the waiver and will examine his claim as asserted.

In the context of a guilty plea, the movant carries a heavy burden under § 2255. By entering a guilty plea, the criminal defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Therefore, a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Id.* Statements made during a hearing to accept a guilty plea are afforded a strong presumption of veracity and subsequent attacks that contradict these statements may generally be dismissed as frivolous. *U.S. v. Lemaster,*

5

403 F.3d 216, 221-222 (4th Cir. 2005). As the Fourth Circuit explained:

> [A] defendant's solemn declarations in open court … carry a strong presumption of verity … because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. … Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*Id.* Consequently, a criminal defendant is precluded from raising alleged constitutional deprivations that occurred prior to pleading guilty and "may only attack the voluntary and intelligent character of the guilty plea" by demonstrating that his counsel's performance was inadequate under the Sixth Amendment. *Tollett v. Henderson,* 411 U.S. at 267; *see, also*, *Fields v. Attorney General of State of Md.,* 956 F.2d 1290, 1296 (4th Cir. 1992) ("A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea."). In other words, the movant under § 2255 must not only rebut the presumption that counsel performed within the wide range of reasonable professional competence, but must also demonstrate that "there is a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Significantly, in this case, Myricks does not explicitly allege anywhere in his motion or memorandum that his plea was not voluntary or intelligent. However, even broadly construing his claim to allege that his guilty plea was not knowing or voluntary based on the failure of his counsel to advise him of every element of the crime, Myricks claim still must fail.

The Sixth Amendment to the United States Constitution guarantees every criminal defendant "the right to the effective assistance of counsel." *Strickland v. Washington,* 466

6

U.S. 668, 680 (1984). Under *Strickland,* a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. *Id.* at 687. The defendant carries the burden of satisfying both prongs of the test, and "a failure of proof on either prong ends the matter." *United States v. Roane,* 378 F.3d 382, 404 (4th Cir. 1994).

First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687-88. When evaluating counsel's performance under the first prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Thus, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance … [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The inquiry under *Strickland* is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562 U.S. 86, 88 (2011).

Second, the defendant must show that he was actually prejudiced by the ineffective assistance of counsel. *Strickland,* 466 U.S. at 687. To establish actual prejudice from counsel's deficient performance, "[p]etitioner must show that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed … by the Sixth Amendment.'" *DeCastro v. Branker,* 642 F.3d 442, 450 (4th Cir. 2011) (citing *Harrington,* 131 S. Ct. at 787)); *see, also, Strickland,* 466 U.S. at 687 (holding that the second prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). It is insufficient for the defendant "to show that the errors had some conceivable effect on the

7

outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Strickland,* 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Here, Myricks contends that his counsel was deficient because counsel did not advise him that the Government was required to prove that he knew of his felon status pursuant to *Rehaif.* In *Rehaif,* the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200. In so holding, the *Rehaif* Court rejected the argument presented by the United States that the defendant's immigration status was a question of law, not fact, and thus subject "to the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse." *Id.* at 2198 (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)).

In Count Two of the superseding indictment, Myricks was accused of possessing two firearms—a Ruger and a Taurus—at a time when he "knew he had been convicted of crimes punishable by imprisonment for a term exceeding one year." (ECF No. 21 at 2). This plainly informed Myricks of the elements the Government was required to prove, and nothing in the record indicates that he was ignorant of his status. At his plea hearing, Myricks testified under oath that he understood that if he proceeded to trial, the Government would have to prove all the essential elements of § 922(g), including Myricks's knowledge of his felon status. (ECF No. 52 at 9–10). Myricks attested that he had discussed the charges in the indictment with his attorney, who advised him "as to the

nature of the offenses" with which he was charged and satisfactorily answered all Myricks's questions. (*Id.* at 10–11). As stated above, sworn statements made in open court are afforded a nearly ironclad presumption of veracity. *U.S. v. Lemaster,* 403 F.3d 216, 221-222 (4th Cir. 2005).

Likewise, the stipulation of facts Myricks provided as part of his plea agreement all but dictates the conclusion that Myricks knew he was a felon prohibited from possessing a firearm. (ECF No. 32 at 12). Some courts have considered a defendant's stipulation to felony status to be binding against a later attempt to deny that status or knowledge of it. *See Dwight E. Moss, Petitioner, v. Warden B. Dobbs, Respondent.*, No. 819CV02280JMCJDA, 2019 WL 7284989, at \*6 (D.S.C. Sept. 23, 2019), *report and recommendation adopted*, No. 8:19-CV-02280-JMC, 2019 WL 5616884 (D.S.C. Oct. 31, 2019) ("Importantly, Petitioner entered a stipulation at trial, which is fatal to his *Rehaif* claim."); *United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (defendant's stipulation that he was a felon, among other record evidence, refuted his claim he was unaware of his status); *Walker v. Quintana*, No. CV 5: 19-321-DCR, 2019 WL 6310722, at \*2 (E.D. Ky. Nov. 25, 2019) ("Therefore, even where *Rehaif* makes clear that the jury instructions used at trial misstated the law, a defendant's stipulation to his status as a felon at trial renders the error harmless . . .").

At no time in the course of his criminal prosecution did Myricks indicate that he was unaware that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. In fact, according to the presentence report in Myricks's criminal case, Myricks had already *served* multiple sentences longer than one year by the time he engaged in the conduct for which he now stands convicted. (ECF No. 41 at 9–11). Even if Myricks's counsel did not thoroughly explain the "knowingly" element of §

924(a)(2) to him, it is incredible to assert that any prejudice could result from such failure. *See Shrader v. United States*, No. 1:09-CR-00270, 2019 WL 4040573, at *4 n.2 (S.D.W. Va. Aug. 27, 2019) ("As discussed, [the petitioner] had been convicted of two counts of first degree murder, one count of unlawful wounding, and one count of escape, and had served a substantial prison sentence. The facts of his case do not suggest he could bring a non-frivolous claim that he was unaware of his status as a felon at the time of the offense."); *United States v. Ward*, No. 19-10470, 2019 WL 6461259, at *7 (11th Cir. Dec. 2, 2019) ("The fact that [the defendant] received multiple sentences of more than one year of imprisonment for serious felonies—and in fact served nearly eight years in prison— indicates that he knew that his prior offenses were punishable by more than one year of imprisonment."); *United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (defendant was unable to demonstrate any error in jury instructions under *Rehaif* where he had served four years in prison and was clearly aware of felon status); *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019) (clear defendant was aware of his status as felon where he was convicted of multiple crimes permitting imprisonment of more than one year); *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020) (holding that because the defendant had served 12 years in prison, he could not "plausibly argue that he did not know his conviction had a maximum punishment exceeding a year.").

Myricks's counsel's supposed failure to advise him of the elements of § 922(g) and § 924(a)(2) caused no prejudice and does not diminish the knowing and voluntary nature of Myricks's guilty plea. Even assuming *arguendo* that—despite Myricks's sworn attestations to the contrary—counsel did not fully advise him that the Government had to prove he knew he was a felon and that such failure was deficient, Myricks has not shown that counsel was unconstitutionally ineffective. He provides no other reason that this

Court should set aside his conviction. Because it is clear that Myricks is not entitled to relief, the undersigned **FINDS** that Myricks's § 2255 motion should be denied.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's request for dismissal, (ECF No. 53), **DENY** Myricks's § 2255 motion, (ECF No. 46), and **DISMISS** this case, removing it from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and

Recommendations" to the Movant and counsel of record.

**FILED**: January 24, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge